**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| CINDY ABELE, | ) | Civil Action No. 9:09-CV-2036-SB-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER** |
| LIBERTY SAVINGS BANK, F.S.B., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant, Liberty Savings Bank, F.S.B. ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

**FOR A FIRST DEFENSE**

1.    Each and every allegation not specifically admitted herein is denied.

**FOR A SECOND DEFENSE**

2.    Upon information and belief, Defendant admits the allegations set forth in Paragraph 1.

3.    Responding to Paragraph 2, Defendant admits only that Defendant is a federally chartered bank with its principal office in Ohio. Defendant further admits that it does business in Beaufort County, South Carolina. All other or contrary allegations contained in Paragraph 2 are denied.

4.    Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore denies the same.

5.    Paragraph 4 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant states that jurisdiction and venue are proper in the

United States District Court for the District of South Carolina, Beaufort Division, pursuant to Defendant's Notice of Removal.

6.       Responding to the allegations set forth in Paragraph 5, Defendant admits only that Plaintiff was previously employed by Defendant and that her employment was terminated on or about June 10, 2009.  All other or contrary allegations contained in Paragraph 5 are denied.

7.       Responding to the allegations set forth in Paragraph 6, Defendant craves reference to the performance review discussed therein, which speaks for itself, and denies any allegations inconsistent therewith.  All other or contrary allegations contained in Paragraph 6 are denied.

8.       Responding to the allegations set forth in Paragraph 7, Defendant craves reference to the e-mails discussed therein, which speak for themselves, and denies any allegations inconsistent therewith.  All other or contrary allegations contained in Paragraph 7 are denied.

9.       Responding to the allegations set forth in Paragraph 8, Defendant admits only that Plaintiff suffered an injury on or about September 2, 2007.  All other or contrary allegations contained in Paragraph 8 are denied.

10.      Defendant denies the allegations set forth in Paragraph 9.

11.      Responding to the allegations set forth in Paragraph 10, Defendant admits only that Plaintiff received certain write-ups for legitimate performance deficiencies.  Defendant craves reference to the write-ups, which speak for themselves, and denies any allegations inconsistent therewith.  Defendant further denies that such write-ups were in any way related to Plaintiff's accident, injuries, use of the workers' compensation process, or any unlawful reason. All other or contrary allegations contained in Paragraph 10 are denied.

12.      Responding to the allegations set forth in Paragraph 11, Defendant admits only that Plaintiff received a write-up on or about September 10, 2008, for legitimate performance deficiencies.  Defendant craves reference to the write-up, which speaks for itself, and denies any

PPAB 1603892v1

allegations inconsistent therewith.  Defendant further denies that such write-up was in any way related to Plaintiff's accident, injuries, use of the workers' compensation process, or any unlawful reason.  All other or contrary allegations contained in Paragraph 11 are denied.

13.     Responding to the allegations set forth in Paragraph 12, Defendant craves reference to the e-mail discussed therein, which speaks for itself, and denies any allegations inconsistent therewith.  All other or contrary allegations contained in Paragraph 12 are denied.

14.     Responding to the allegations set forth in Paragraph 13, Defendant craves reference to the e-mail discussed therein, which speaks for itself, and denies any allegations inconsistent therewith.  All other or contrary allegations contained in Paragraph 13 are denied.

15.     Defendant denies the allegations set forth in Paragraph 14.

16.     Responding to the allegations set forth in Paragraph 15, Defendant admits only that Plaintiff received a write-up on or about September 18, 2008, for legitimate performance deficiencies.  Defendant craves reference to the write-up, which speaks for itself, and denies any allegations inconsistent therewith.  Defendant further denies that such write-up was in any way related to Plaintiff's accident, injuries, use of the workers' compensation process, or any unlawful reason.  All other or contrary allegations contained in Paragraph 15 are denied.

17.     Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore denies the same.

18.     Responding to the allegations set forth in Paragraph 17, Defendant admits only that Plaintiff received a write-up on or about October 24, 2008, for legitimate performance deficiencies.  Defendant craves reference to the write-up, which speaks for itself, and denies any allegations inconsistent therewith.  Defendant further denies that such write-up was in any way related to Plaintiff's accident, injuries, use of the workers' compensation process, or any unlawful reason.  All other or contrary allegations contained in Paragraph 17 are denied.

PPAB 1603892v1

19.     Responding to the allegations set forth in Paragraph 18, Defendant admits only that Plaintiff took FMLA leave from on or about October 2008 until on or about February 10, 2009. By way of further response, Plaintiff's failure to receive any benefits during any portion of this period was the result of her own lack of diligence and not the result of any of Defendant's acts or omissions. All other or contrary allegations contained in Paragraph 18 are denied.

20.     Defendant denies the allegations set forth in Paragraph 19.

21.     Defendant denies the allegations set forth in Paragraph 20.

22.     Responding to the allegations contained in Paragraph 21, Defendant admits only that Plaintiff received a counseling memorandum on or about February 19, 2009, for legitimate performance deficiencies. Defendant craves reference to the memorandum, which speaks for itself, and denies any allegations inconsistent therewith. Defendant further denies that such memorandum was in any way related to Plaintiff's accident, injuries, use of the workers' compensation process, or any unlawful reason. All other or contrary allegations contained in Paragraph 21 are denied.

23.     Responding to the allegations contained in Paragraph 22, Defendant admits only that Plaintiff's lack of friendliness was one of her performance deficiencies and was brought to her attention on numerous occasions. All other or contrary allegations contained in Paragraph 22 are denied.

24.     Defendant denies the allegations set forth in Paragraph 23.

25.     Responding to the allegations contained in Paragraph 24, Defendant craves reference to the alleged "draft disciplinary note," which speaks for itself, and denies any allegations inconsistent therewith. All other or contrary allegations contained in Paragraph 24 are denied.

26.     Defendant denies the allegations set forth in Paragraph 25.

PPAB 1603892v1

27.     Responding to the allegations set forth in Paragraph 26, Defendant admits only that Plaintiff was released to full duty on or about June 9, 2009, and that her employment was terminated on or about June 10, 2009.  All other or contrary allegations contained in Paragraph 26 are denied.

28.     Defendant denies the allegations set forth in Paragraph 27.

29.     Defendant re-incorporates and re-alleges all of its prior responses and allegations as if restated verbatim herein.

30.     Responding to the allegations set forth in Paragraph 29, Defendant admits that it has an employee handbook but denies that such handbook constitutes a contract.  All other or contrary allegations contained in Paragraph 29 are denied.

31.     Defendant denies the allegations set forth in Paragraph 30.

32.     Defendant denies the allegations set forth in Paragraph 31.

33.     Defendant denies the allegations set forth in Paragraph 32.

34.     Defendant denies the allegations set forth in Paragraph 33.

35.     Defendant denies the allegations set forth in Paragraph 34.

36.     Defendant denies the allegations set forth in Paragraph 35.

37.     Responding to the allegations set forth in Paragraph 36, Defendant admits only that Plaintiff seeks certain damages, but denies that Plaintiff is entitled to the same.  All other or contrary allegations contained in Paragraph 36 are denied.

38.     Defendant re-incorporates and re-alleges all of its prior responses and allegations as if restated verbatim herein.

39.     Defendant denies the allegations set forth in Paragraph 38.

40.     Defendant denies the allegations set forth in Paragraph 39.

41.     Defendant denies the allegations set forth in Paragraph 40.

PPAB 1603892v1

42.     Defendant denies the allegations set forth in Paragraph 41.

43.     Defendant denies the allegations set forth in Paragraph 42.

44.     Defendant re-incorporates and re-alleges all of its prior responses and allegations as if restated verbatim herein.

45.     Defendant denies the allegations set forth in Paragraph 44.

46.     Defendant denies the allegations set forth in Paragraph 45.

47.     Defendant denies the allegations set forth in Paragraph 46.

48.     Defendant denies the allegations set forth in Paragraph 47.

49.     Defendant denies the allegations set forth in Paragraph 48.

50.     Defendant denies the allegations set forth in Paragraph 49.

51.     Defendant re-incorporates and re-alleges all of its prior responses and allegations as if restated verbatim herein.

52.     Defendant denies the allegations set forth in Paragraph 51.

53.     Defendant denies the allegations set forth in Paragraph 52.

54.     Defendant denies the allegations set forth in Paragraph 53.

55.     Defendant denies the allegations set forth in Paragraph 54.

56.     Defendant denies the allegations set forth in Paragraph 55.

57.     Defendant denies the allegations set forth in Paragraph 56.

58.     Defendant denies the allegations set forth in Paragraph 57.

59.     Defendant denies that Plaintiff is entitled to any of the relief set forth in the "Wherefore" clause of the Complaint.

### FOR A THIRD DEFENSE

60.     The complaint is barred in whole or in part because it fails to state a claim upon which relief may be granted.

PPAB 1603892v1

## FOR A FOURTH DEFENSE

61.     The employment practices of Defendant are now, and were during the period of time referred to in the Complaint, conducted in accordance with all state and federal laws, regulations, and constitutions.

## FOR A FIFTH DEFENSE

62.     Defendant at all times during its employment relationship with Plaintiff used standards that were job-related and non-discriminatory.

## FOR A SIXTH DEFENSE

63.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## FOR A SEVENTH DEFENSE

64.     All actions taken by Defendant with respect to Plaintiff were justified, privileged, reasonable, taken in good faith, without any improper motive, purpose or means and without any hatred, ill will, malice or intent to injure.

## FOR AN EIGHTH DEFENSE

65.     Plaintiff has a legal obligation to mitigate the damages she claims, which are denied, and to the extent that she has failed to do so, all claims are barred, in whole or in part.

## FOR A NINTH DEFENSE

66.     Plaintiff's claims are barred to the extent that she failed to exhaust all available administrative remedies.

## FOR A TENTH DEFENSE

67.     Plaintiff's damages, if any, which are denied, may be limited by the after-acquired evidence rule.

## FOR AN ELEVENTH DEFENSE

68.     Plaintiff's claims for recovery of punitive damages, if any, are barred by the South Carolina Constitution and the Constitution of the United States, because no reasonable and well-defined limits are placed on such punitive damages award; because the award and payment of punitive damages would be a windfall and would advance no legitimate state purpose; and because such punitive damages would constitute an imposition of punishment on Defendant without adequate notice of the substantive rules governing the conduct giving rise to such punitive damages.

## FOR A TWELFTH DEFENSE

69.     Plaintiff's claims of punitive damages against Defendant are barred because Defendant did not act with actual malice or in reckless disregard of the Plaintiff's rights.

## FOR A THIRTEENTH DEFENSE

70.     Plaintiff's state law claims are barred to the extent preempted by federal law.

## FOR A FOURTEENTH DEFENSE

71.     Plaintiff was an at-will employee and, therefore, could be terminated for any reason or no reason at all.

## FOR A FIFTEENTH DEFENSE

72.     Plaintiff and Defendant did not enter into an employment contract of any kind.

## FOR A SIXTEENTH DEFENSE

73.     Defendant did not make Plaintiff any promises with regard to her employment.

## FOR A SEVENTEENTH DEFENSE

74.     Plaintiff failed to plead fraud with particularity.

PPAB 1603892v1

## FOR AN EIGHTEENTH DEFENSE

75.     Notwithstanding the affirmative defenses alleged herein, to the extent Plaintiff establishes her alleged use of the workers' compensation system, if any, was a motivating factor for any employment decision challenged, the same action would have been taken in the absence of such an impermissible motivating factor.

## FOR A NINETEENTH DEFENSE

76.     No alleged act, breach or omission by Defendant either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained or claims to have sustained.  Therefore, Plaintiff is not entitled to any recovery from Defendant.

## FOR A TWENTIETH DEFENSE

77.     Plaintiff's claims are barred, in whole or in part, because there was no causation between her use of the workers' compensation system and the termination of her employment.

## FOR A TWENTY-FIRST DEFENSE

78.     All actions taken with respect to Plaintiff were based upon legitimate non-discriminatory and non-retaliatory job-related factors without regard to her alleged use of the workers' compensation process or any other unlawful basis.

## FOR A TWENTY-SECOND DEFENSE

79.     Defendant had policies and procedures in effect, and exercised reasonable care, to prevent and promptly correct the alleged unlawful conduct, and Plaintiff unreasonably failed to avail herself of those policies and procedures.

## FOR A TWENTY-THIRD DEFENSE

80.     Defendant terminated Plaintiff for good cause.

PPAB 1603892v1

## FOR A TWENTY-FOURTH DEFENSE

81.    Plaintiff's own actions created and/or caused any and all employment actions Defendant took against her.

## FOR A TWENTY-FIFTH DEFENSE

82.    Plaintiff's employment was terminated for at least one of the following reasons: willful or habitual tardiness or absence from work; being disorderly or intoxicated while at work; destruction of any of the employer's property; failure to meet established employer work standards; malingering; embezzlement or larceny of the employer's property; violating specific written company policy for which the action is a stated remedy of the violation, including without limitation Defendant's non-solicitation policy.

## FOR A TWENTY-SIXTH DEFENSE

83.    Defendant hereby gives notice that it reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise and reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that this action be dismissed with prejudice and that Plaintiff have and recover nothing by reason of the Complaint; that the Court award Defendant its reasonable costs and attorneys' fees incurred as a result of this action; and for such other and further relief as the Court may deem just and proper.

PPAB 1603892v1

Respectfully submitted,


s/ J. Walker Coleman, IV
J. Walker Coleman, IV (Fed. ID No. 6007)
Email:  walkercoleman@parkerpoe.com
Henry W. Frampton, IV (Fed. ID No. 10365)
Email: halframpton@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Post Office Box 160 (29402)
Charleston, SC  29401
Phone:  (843) 727-2650
Fax:  (843) 727-2680

ATTORNEYS FOR DEFENDANT
LIBERTY SAVINGS BANK, F.S.B.

September 8, 2009

Charleston, South Carolina