# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| CINDY ABELE, ) | Civil Action No. 9:09-CV-2036-SB-RSC |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S EXPEDITED MOTION** |
| vs. ) | **TO COMPEL AND TO EXTEND THE** |
| ) | **DISCOVERY PERIOD AND ALL** |
| LIBERTY SAVINGS BANK, F.S.B., ) | **REMAINING DEADLINES** |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Federal Rules of Civil Procedure 16(b)(4) and 37(a)(3)(A), Defendant, Liberty Savings Bank, F.S.B., hereby moves to: (1) compel Plaintiff, at her expense, to submit to a forensic examination of her home computer in an attempt to recover e-mails related to this case that she admittedly deleted and failed to produce in response to Defendant's discovery requests; and (2) extend the discovery period and all remaining deadlines for this limited purpose. Because this motion requests an extension of all deadlines, including the March 22, 2010, deadline for filing dispositive motions, Defendant respectfully requests an expedited hearing.

1.   On June 25, 2009, Plaintiff filed this action in the Beaufort County Court of Common Pleas.  (Summons & Compl., attached as Exhibit A to Def.'s Notice of Removal, Docket No. 1.)  On July 31, 2009, Defendant removed the action to this Court.  (Def.'s Notice of Removal, Docket No. 1.)

2.   On November 4, 2009, Defendant served its First Set of Requests for Production. One of those requests was for "any and all documents reflecting communications between you or your counsel and any third parties regarding your alleged accident, any aspect of your employment with Defendant, the factual allegations set forth in your Amended Complaint, and/or any other allegations regarding Defendant."  (Def.'s First Set of Requests for Production

PPAB 1665568v1

¶ 49, attached hereto as Exhibit A.)  Plaintiff timely produced documents responsive to these requests.

3. On February 9, 2010, at Plaintiff's deposition, Plaintiff revealed for the first time that she had sent e-mails about this case to Ingrid Silver and Mia Darden, both of whom are witnesses named by Plaintiff and plainly qualify as "third parties" for purposes of Defendant's discovery requests.  (Pl.'s Dep. 49, attached hereto as Exhibit B.)  Plaintiff further testified that she was <u>unaware</u> that she had an obligation to preserve evidence, but that she could not recall deleting any relevant e-mails.  (*Id.* at 49-50.)

4. After Plaintiff's deposition, Defendant's counsel went back through Plaintiff's document production and determined that the e-mails between Plaintiff and Ingrid Silver and/or Mia Darden that Plaintiff referenced in her deposition had not been produced.  To follow-up on this issue, Defendant's counsel sent a letter to Plaintiff's counsel pointing out the apparent discrepancy between Plaintiff's deposition testimony and her document production. (Letter from Henry W. Frampton, IV to Nancy Bloodgood, dated February 22, 2010, attached hereto as Exhibit C.)  Defendant's counsel requested that Plaintiff search her home computer, produce any missing documents, and sign an affidavit stating that she had not deleted any evidence.  (*Id.*)

5. On March 1, 2010, Plaintiff's counsel sent a letter to Defendant's counsel stating that Plaintiff had confirmed "that she does not have any printed or electronic copies of emails sent by her regarding her claims against Liberty." (Letter from Nancy Bloodgood to Henry W. Frampton, IV, dated March 1, 2010, attached hereto as Exhibit D.)  She went on to state that "once emails are deleted they cannot be recovered." (*Id.*)

6. Unsure whether Plaintiff was admitting that she deleted relevant evidence and giving Plaintiff the benefit of the doubt, Defendant's counsel sent a follow-up letter that same day reiterating the request that Plaintiff sign an affidavit stating that she had not deleted any

electronically stored information relevant to this case. (Letter from Henry W. Frampton, IV to Nancy Bloodgood, dated March 1, 2010, attached hereto as Exhibit E.)

7. On March 3, 2010, Defendant's counsel received a phone call from Plaintiff's counsel's assistant stating that they were working with Plaintiff on a responsive affidavit and would forward one to Defendant's counsel in short order.

8. On March 8, 2010, the day discovery closed, Defendant's counsel called Plaintiff's counsel's office and was told that Plaintiff had signed an affidavit, and that it had been mailed to Defendant's counsel on March 4 or 5, 2010.

9. On March 9, 2010, the day after discovery closed, Defendant's counsel received an Affidavit executed by Plaintiff. Rather than attesting that she <u>had</u> <u>not</u> spoliated evidence, as Defendant's counsel expected, Plaintiff attested that she <u>had</u> deleted e-mails that she sent "to her friends and possible witnesses <u>about this case</u>" but that they were "routine communications and not evidence." (Affidavit of Cindy Abele ¶ 2, attached hereto as Exhibit F (emphasis added).)

10. That same day, Defendant's counsel sent a follow-up letter to Plaintiff's counsel requesting that, in light of Plaintiff's admission of spoliation, she agree to: (1) conduct a forensic examination of her home computer at her expense in an attempt to recover the deleted materials, and (2) consent to a motion to extend the discovery period and all other deadlines for this limited purpose. (Letter from Henry W. Frampton, IV to Nancy Bloodgood, dated March 9, 2010, attached hereto as Exhibit G.) Given the constraints of the Scheduling Order, Defendant requested that Plaintiff respond the following day, but no response was, or to date has been, received.

11. It is well-settled that Plaintiff had a duty to preserve all e-mails related to this case, particularly once Defendant requested them in its First Requests for Production. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) (holding that party to litigation

has duty to preserve all relevant evidence); *Thompson v. U.S. Dep't of Housing & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003) (holding that *Silvestri* requires the retention of all relevant electronically stored information, specifically including e-mails). In her affidavit, Plaintiff admits that she breached this duty by deleting relevant e-mails. (Pl.'s Aff. ¶ 2, Ex. F.)

12. An appropriate remedy for breaching the duty to preserve electronic evidence is compelling the producing party to submit to a forensic examination of her computer at her expense. *See Treppel v. Biovail Corp.*, 249 F.R.D. 111, 123-24 (S.D.N.Y. 2008) (ordering party that may have deleted potentially relevant e-mails to submit to forensic examination of its computers at its expense). As the Court is likely aware, forensic examiners can often locate and recover "deleted" data. Recovering the deleted e-mails could obviate the need for a harsher sanction, such as a limitation on the evidence that Plaintiff may introduce at trial, an adverse inference jury instruction, or dismissal, though such sanctions are available should the deleted e-mails prove unrecoverable. *See, e.g.*, *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 522 (D. Md. 2009) (ordering adverse jury instruction for improper deletion of e-mails); *Wachtel v. Healthnet, Inc.*, 239 F.R.D. 81, 83 n.4 (D.N.J. 2006) ("The range of potential sanctions for spoliation includes dismissal of a claim or granting judgment in favor of a prejudiced party, suppression of evidence, an adverse inference, fines, attorneys' fees, and costs."). Defendant anticipates being able to complete a forensic examination within sixty (60) days of the Court's Order, and thus requests that discovery be reopened and all deadlines extended for sixty (60) days for this limited purpose. No prior extensions of the original scheduling have occurred. Defendant also requests its reasonable expenses, including attorneys' fees, incurred in making this motion under Fed. R. Civ. P. 37(a)(5)(A).

WHEREFORE, Defendant respectfully requests that the Court: (1) ORDER a forensic examination of Plaintiff's home computer at her expense by a forensic expert selected by Defendant; (2) EXTEND the discovery period and all remaining deadlines for this limited purpose by sixty (60) days; and (3) AWARD Defendant its reasonable expenses in making this Motion.

                          Respectfully submitted,

                          s/ J. Walker Coleman, IV
                          J. Walker Coleman, IV (Fed. ID No. 6007)
                          Email: walkercoleman@parkerpoe.com
                          Henry W. Frampton, IV (Fed. ID No. 10365)
                          Email: halframpton@parkerpoe.com
                          PARKER POE ADAMS & BERNSTEIN LLP
                          200 Meeting Street, Suite 301
                          Charleston, SC  29401
                          Phone: 843-727-2650
                          Fax:    843-727-2680

                          ATTORNEY FOR DEFENDANT
                          LIBERTY SAVINGS BANK, F.S.B.

March 11, 2010

Charleston, South Carolina